

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA PHILLIPS, et al., | ) | |
| | ) | |
| Plaintiffs; | ) | |
| | ) | |
| vs. | ) | 2:14-cv-00480-LSC |
| | ) | |
| R.R. DAWSON BRIDGE | ) | |
| COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

Plaintiffs Lisa Phillips, Deborah Phillips, Lomax Phillips, Jr., Deangila Phillips, and Keira Phillips (collectively, the "Plaintiffs") filed this action in state court, seeking damages stemming from the death of Lomax Phillips. Defendant Miller Formless Co. ("Miller Formless") removed the case to this Court, and the Plaintiffs have moved to remand the case back to state court. (Doc. 8.) Miller Formless has also filed a motion to remand one of the claims but asks the Court to retain jurisdiction over all other claims. (Doc. 12.) For the reasons stated below, the Plaintiffs' motion to remand is due to be granted, and the motion to sever is due to be rendered moot.

## I.   BACKGROUND[1]

Lomax Phillips ("Phillips") worked for Defendant R.R. Dawson Bridge Company, LLC ("R.R. Dawson"), in Bessemer, Alabama. As part of his job, Phillips worked on a bridge construction project along Interstate 85 in Montgomery County, Alabama. On January 8, 2014, he was working in an overhead bridge wagon lift (the "Lift") approximately 90 feet above the ground when the Lift lost support and crashed to the ground. Phillips was killed in the incident, and the Plaintiffs have brought this suit as the heirs to his estate.

The Plaintiffs filed suit on January 10, 2014, in the Circuit Court of Jefferson County, Alabama. The complaint alleges a variety of state law claims against Miller Formless, R.R. Dawson, and Defendant Samuel Poynter ("Poynter"). According to the complaint, Miller Formless improperly designed, manufactured, and distributed the Lift. Additionally, the Plaintiffs contend that R.R. Dawson and Poynter failed to properly inspect and maintain the Lift. Finally, the Plaintiffs have pursued a workers' compensation claim against R.R. Dawson.

---

[1] Where, as here, the Court must determine whether a party or claim has been fraudulently joined, it must consider the pleadings as supplemented by affidavits and depositions submitted by the parties. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). Miller Formless has not submitted any affidavits, deposition transcripts, or other documents to support its claims of fraudulent joinder, and thus the Court's review is limited to the allegations as pleaded.

Miller Formless removed the action to this Court on March 18, 2014, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. According to the notice of removal, the Plaintiffs are all citizens of Alabama. Defendant R.R. Dawson is a citizen of Kentucky, and Miller Formless is a citizen of Illinois. However, like the Plaintiffs, Poynter is a citizen of Alabama. The notice of removal suggests that the claims against Poynter and the workers' compensation claim are fraudulently joined with the other claims in this action. On June 9, 2014, the Plaintiffs filed a motion to remand the entire case, contesting these two issues.

## II.    STANDARD OF REVIEW

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, - - - U.S. - - - -, 133 S.Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994)). In the removal context, a defendant or defendants may generally remove to federal court any civil action filed in a state court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). However, "'[a] removing defendant bears the burden of proving proper federal jurisdiction.'" *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (quoting *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)). This Court must

construe the removal statute narrowly and resolve all doubts as to jurisdiction in favor of remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

## III.   DISCUSSION

First, the Court turns to the workers' compensation claim. Phillips died while on the job, and thus the Plaintiffs brought a claim against R.R. Dawson under the Alabama Workers' Compensation Act, Ala. Code §§ 25-5-1 *et seq.* Congress proscribes the removal of such actions, providing that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). This provision is "a jurisdictional-based limitation on the district court's removal power." *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1097 (11th Cir. 1997); *see also Alansari v. Tropic Star Seafood Inc.*, 388 F. App'x 902, 905–06 (11th Cir. 2010) (concluding that a district court should have remanded a workers' compensation claim to state court even though it was raised over 30 days after removal because § 1445(c) is a jurisdictional statute). Both parties agree that this claim is due to be remanded, but Miller Formless contends that this Court should retain jurisdiction over the other claims.

According to Miller Formless, the Plaintiffs have attempted to fraudulently join

the non-removable workers' compensation claim in an action that would otherwise be removable on the basis of diversity. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 2011). Thus, joinder is fraudulent when a plaintiff names an in-state defendant against whom there is no possible cause of action or when a plaintiff fraudulently pleads jurisdictional facts regarding an in-state defendant. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Additionally, fraudulent joinder exists "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287. This basis for fraudulent joinder exists in "egregious" cases of misjoinder. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (overruled on other grounds in *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072–73 (11th Cir. 2000)). As to the workers' compensation claim, Miller Formless raises only this third basis for fraudulent joinder. In order to establish that joinder is fraudulent, Miller Formless has the burden of proving the "fraud" by clear and convincing evidence. *See Stillwell*, 663 F.3d at 1332.

If joinder is appropriate under Rule 20 of the Federal Rules of Civil Procedure

("Rule 20"), joinder is not fraudulent. *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1274 (M.D. Ala. 2001). The Plaintiffs may join multiple parties as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any questions of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). All of the claims in this case stem from Phillips's death while on the job. Indeed, Phillips's heirs did not have *any* cause of action based on either the allegedly defective Lift *or* Phillips's employer's conduct *until* Phillips died while working for R.R. Dawson. *See Brooks*, 176 F. Supp. 2d at 1276. Thus, the first element of Rule 20 joinder is met. Second, there will be common questions of fact because the circumstances of the injury may be relevant to both the claims against Miller Formless and the claims against R.R. Dawson. *Id.*

Indeed, the Alabama workers' compensation statute expressly allows a plaintiff to bring workers' compensation claims at the same time it brings other claims:

> If the injury or death for which compensation is payable . . . was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of

> death, may proceed against the employer to recover
> compensation under this chapter . . . , and at the same time,
> may bring an action against the other party to recover
> damages for the injury or death, and the amount of the
> damages shall be ascertained and determined without
> regard to this chapter.

Ala. Code § 25-5-11(a). The use of the phrase "at the same time" suggests that the

Plaintiffs can join a workers' compensation claim with their tort claims against Miller

Formless. *Williams*, 542 F. Supp. 2d at 1265. Thus, the Plaintiffs have not fraudulently

joined the workers' compensation claims with the other claims in this case.

Alternatively, Miller Formless contends that even absent fraudulent joinder, the

workers' compensation claims should still be severed from this action. Congress

*requires* the federal courts to sever non-removable claims that are joined to *federal*

*question* claims:

> (1) If a civil action includes—
> (A) a claim arising under the Constitution, laws, or treaties
> of the United States (within the meaning of section 1331 of
> this title), and
> (B) a claim not within the original or supplemental
> jurisdiction of the district court or a claim that has been
> made nonremovable by statute, the entire action may be
> removed if the action would be removable without the
> inclusion of the claim described in subparagraph (B).
> (2) Upon removal of an action described in paragraph (1),
> the district court shall sever from the action all claims
> described in paragraph (1)(B) and shall remand the severed
> claims to the State court from which the action was

removed. Only defendants against whom a claim described
in paragraph (1)(A) has been asserted are required to join in
or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c). However, Congress has not provided any such procedure for

diversity claims. By its plain language, Congress requires severance in cases involving

federal question claims joined with non-removable claims *to the exclusion* of diversity

claims. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 955 (11th Cir. 2007) (emphasizing

that statutory interpretation begins with an analysis of the plain meaning).

Miller Formless cites the Court to *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir.

2000), where the Eleventh Circuit remanded a workers' compensation claim to state

court but proceeded to consider a federal question claim brought under the Americans

with Disabilities Act. According to Miller Formless, this Court should make no

distinction between diversity and federal question claims. However, Congress *has*

subsequently distinguished between federal question and diversity claims. Such a

differentiation corresponds with the heightened federalism concerns underlying

removal jurisdiction based on diversity of citizenship. *Morrison v. Allstate Indem. Co.*,

228 F.3d 1255, 1268 (11th Cir. 2000) ("In light of the federalism and separation of

powers concerns implicated by diversity jurisdiction, federal courts are obligated to

strictly construe the statutory grant of diversity jurisdiction."); *see also Univ. of S. Ala.*

*v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) (emphasizing that removal jurisdiction also raises "significant federalism concerns"). It is reasonable that Congress would prevent plaintiffs from defeating removal of federal question claims by joining non-removable claims to them without extending the same rule to state law claims where jurisdiction is based solely on diversity grounds. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 293, 117 S.Ct. 2028, 2046 (1997) (O'Connor, J, concurring in part and concurring in the judgment) ("There is no need to call into question the importance of having federal courts interpret federal rights—particularly as a means of serving a federal interest in uniformity—to decide this case.").

In certain instances, the Court may sever parties from an action pursuant to Federal Rule of Civil Procedure 21 ("Rule 21") in order to establish diversity jurisdiction. *See Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985) ("Courts have employed Rule 21 to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action."). However, the Court must consider this power in the context of removal jurisdiction, which tests jurisdiction "as of the time of removal." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

Even in cases involving original jurisdiction, Rule 21 severance is used sparingly

to drop a party from an action to provide diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837, 109 S.Ct. 2218, 2225 (1989) ("Although we hold that the courts of appeals have the authority to dismiss a dispensable nondiverse party, we emphasize that such authority should be exercised sparingly."). This doctrine sometimes allows appellate courts to affirm judgments where jurisdiction was only raised during the appeal. *See Ingram v. CSX Transp.*, 146 F.3d 858, 862–63 (11th Cir. 1998) (dismissing an in-state defendant added in a diversity action several months after the case was removed). In *Ingram*, the Court's decision was based in part on the fact that the plaintiff did not raise the jurisdictional issue "until her oral argument presentation on appeal— long after the district court's adverse ruling on the merits of her case." *Id.* at 863. Notably, although *Ingram* involved a case of removal jurisdiction, it dismissed an in-state defendant that was added *after* the case was removed to subsequently *defeat* removal jurisdiction. *Ingram* does not provide relief in this case, where the issue exists at the time of removal.

Indeed, the doctrine of fraudulent joinder is designed to address a situation where the Plaintiffs attempt to join an in-state defendant or non-removable claim in order to defeat diversity jurisdiction. *See Triggs*, 154 F.3d at 1287 (identifying the three types of fraudulent joinder). If a defendant could sever non-diverse defendants in

order to establish removal jurisdiction, many defendants would likely attempt to seek this post-removal action by the courts in order to avoid meeting the burdens associated with fraudulent joinder. Such a broad right would be inconsistent with the strict construction of the removal statute and the presumption in favor of remand. *See Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (explaining that the right to remove is strictly construed in favor of remand).

In sum, the workers' compensation claim against R.R. Dawson is not fraudulently joined with the other claims in this action. Since it is not fraudulently joined, there is no basis to sever it from the other claims in order to establish proper diversity jurisdiction. Instead, the case is due to be remanded.

Second, the Court turns to Poynter's presence in the action, which also defeats removal unless he is fraudulently joined. *Flintlock Construction Services, LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (noting that complete diversity is a requirement for diversity jurisdiction). Even without the workers' compensation claim, the case should still be remanded unless there is no reasonable possibility that the Plaintiffs could state a cause of action against Poynter. *Stillwell*, 663 F.3d at 1332.

According to the complaint, the Plaintiffs attempt to claim that Poynter willfully

injured Phillips. Under the Alabama Workers' Compensation Act, a co-employee such as Poynter is liable for his willful acts. Ala. Code § 25-5-11(c) (identifying four types of willful conduct). The Plaintiffs allege, for example that Poynter "willfully, wantonly, negligently, and/or intentionally removed from a machine a safety guard and/or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from the removal."[2] (Doc. 1-1 at 11 ¶ 34.)

When a defendant raises fraudulent joinder, that defendant must meet its burden by actually *proving* that joinder is fraudulent. *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) ("[W]here there have been allegations of 'fraudulent joinder,' it is clear that the burden is upon the removing party to prove the alleged 'fraud.'"). First, Miller Formless contends that allegations such as the one described above "merely recite the elements of a cause of action [and] are insufficient as a matter of law concerning improperly joined Poynter." (Doc. 1 at 7 ¶ 14.) However, "[n]othing in our precedents concerning fraudulent joinder requires anything more than conclusory allegations or a certain level of factual specificity." *Stillwell*, 663 F.3d

---

[2] The use of "and/or" language is an indirect assertion of willful conduct. However, the complaint subsequently states that the "willful and/or intentional conduct proximately resulted in injuries and death to [Phillips]." (Doc. 1-1 at 12 ¶ 36.)

at 1334.

Additionally, Miller Formless buttresses its assertions that the complaint is insufficient with citations to the federal pleading standards outlined in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). (Doc. 1 at 7–8 ¶ 14.) This is the incorrect legal standard in the context of fraudulent joinder because this Court must look at whether there is a possible claim under the *state law* pleading standards. *Stillwell*, 663 F.3d at 1334 ("To determine whether it is possible that a state court would find that the complaint states a cause of action, we must necessarily look to the pleading standards applicable in state court, not the plausibility standards prevailing in federal court."). Importantly, the Alabama courts have not adopted the plausibility standard of pleading applied in the federal courts. *Crum v. Johns Manville, Inc.*, 19 So. 3d 208, 212 n.2 (Ala. Civ. App. 2009).

Alabama law recognizes a general standard of notice pleading, and "'a complaint is sufficient if it puts the defendant on notice of the claims against him.'" *Boyles ex rel. Boyles v. Dougherty*, - - - So. 3d - - - -, 2013 WL 5394326, at *2 (Ala. 2013) (quoting *Bethel v. Thorn*, 757 So. 2d 1154, 1158 (Ala. 1999)). "[T]he dismissal of a complaint is not proper if the pleading contains even a generalized statement of facts

which will support a claim for relief." *Simpson v. Jones*, 460 So. 2d 1282, 1285 (Ala. 1984) (internal quotation marks omitted).

In a case involving fraudulent joinder, the complaint need not even meet this standard. Instead, it need only be reasonably possible that the complaint could meet this standard. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 n.9 (11th Cir. 1994). This Court can deny a motion to remand a case based on fraudulent joinder "*only if* the defendants have proven by clear and convincing evidence" that there is no possibility of a cause of action under state law, and Miller Formless has not met this burden. *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1283 (11th Cir. 2006) (emphasis added). Miller Formless neither cited these pleading standards to the Court nor explained how these claims of willfulness do not state a reasonably possible claim under Alabama law. As such, it has not met its burden of proof.

Similarly, Miller Formless has not offered any affidavits or other proof to suggest that it is impossible that the Plaintiffs could state a claim against Poynter for willful conduct. *Cf. Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (concluding that a district court should not rely on unsupported allegations in the plaintiff's complaint "[w]hen the Defendants' affidavits are undisputed by the Plaintiffs."). Ultimately, there must be a "reasonable possibility" that the plaintiffs can establish

a cause of action. *Id.* at 1324–25. However, without more evidence to suggest that joinder is actually fraudulent, the Court cannot retain jurisdiction over the case. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

## IV.   CONCLUSION

For the reasons discussed above, the Plaintiffs' motion to remand (Doc. 8) is due to be granted, and the case is due to be remanded to the Jefferson County Circuit Court, Bessemer Division, in accordance with 28 U.S.C. § 1447(c). Miller Formless's motion to sever and partially remand (Doc. 12) will be treated as moot.

Done this 12th day of August 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256